# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DOROTHY BURKE, | : | |
| Plaintiff, | : | Civ. Action No.: 16-7088-BRM-LHG |
| v. | : | **MEMORANDUM AND ORDER** |
| LAPULIA STUDIO INC., a New Jersey Corporation, | : | |
| Defendant. | : | |

**THIS MATTER** is opened to the Court by Plaintiff Dorothy Burke's ("Burke") Motion to Reconsider the Court's August 14, 2017 Order (ECF No. 17) granting Defendant LaPulia Studio Inc.'s ("LaPulia") Motion to Dismiss (ECF No. 11). LaPulia opposes the motion. (ECF No. 19.) Having reviewed the parties' submissions pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, Burke's motion is **DENIED WITHOUT PREJUDICE**.

By way of background, the Court granted LaPulia's Motion to Dismiss after Burke was granted several extensions to oppose the motion.[1] LaPulia had filed its Motion to Dismiss on May 30, 2017, making June 19, 2017, Burke's deadline to oppose the motion. On June 30, 2017, eleven days after opposition was due, Burke filed a letter requesting an extension to oppose the motion.

---

[1] LaPulia also notes that they were not served until after the 90-day period for service expired and after the Court entered a Notice of Call for Dismissal. (ECF No. 19 at 2.)

(ECF No. 11.) Over LaPulia's objection (ECF No. 15), the Court granted Burke until July 7, 2017, to file opposition. (ECF No. 16.) By August 14, 2017, Burke had still failed to oppose or otherwise respond to the motion, and the Court dismissed the Complaint, treating the motion to dismiss as unopposed. (*See* ECF No. 17 (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992); *Jones v. Unemployment Comp. Bd. of Review*, 381 F. App'x 187, 189 (3d Cir. 2010)).)

On September 18, 2017, thirty days after the Court granted LaPulia's motion, Burke filed this Motion to Reconsider the dismissal order. (ECF No. 18.) No supporting brief or proposed opposition to the motion to dismiss is attached. The only document filed in support of Burke's motion is her attorney's certification, in which he states Burke "erroneously failed to file opposition due to an error by [Burke]'s counsel" and that she "fully intended on opposing" the motion to dismiss. (*Id.* at Attorney Certif. ¶ 6.) For this reason alone, Burke requests, through her attorney's certification, "that the Court reconsider its decision to grant [LaPulia]'s motion [to dismiss] and permit [Burke] to file opposition to same." (*Id.* at Attorney Certif. ¶ 7.)

LaPulia opposes the motion to reconsider, arguing: (1) Burke's motion is untimely under Local Civil Rule 7.1(i) and Federal Rule of Civil Procedure 59(e); (2) Burke fails to provide a sufficient reason to support reconsideration; and (3) Burke fails to provide a sufficient reason to be relieved from the August 14, 2017 Order under Federal Rule of Civil Procedure 60. (ECF No. 19.) LaPulia additionally requests attorney's fees for having to oppose the motion for reconsideration. (*Id.* at 8.) Burke did not file a reply or otherwise respond to LaPulia's opposition.

The Court agrees with LaPulia, and Burke's motion for reconsideration is denied. While motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure, they are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). Local Civil Rule 7(i) provides

"a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Burke's motion, filed thirty days after the Court's August 14, 2017 Order, is untimely.[2]

To the extent Burke intended to file a motion for relief from the Court's August 14, 2017 Order under Federal Rule of Civil Procedure 60(b)—which contemplates "mistake, inadvertence, surprise, or excusable neglect" and permits the parties reasonable time up to one year to seek relief on those grounds, Fed. R. Civ. P 60(c); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)—that request is also denied. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). "The determination of whether a party's neglect is 'excusable' is

---

[2] Even if the Court were to consider Burke's motion to be timely filed, "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (citation omitted). Burke's motion, to which no supporting brief or proposed opposition to the motion to dismiss is attached, fails to argue why the Court's Order should be reconsidered on these grounds.

essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163–64 (3d Cir. 2004) (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir. 1995)). To do so, courts "weigh the 'totality of the circumstances'" by considering "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007), as amended (June 12, 2007) (quoting *Welch & Forbes, Inc. v. Cendant Corp.*, 234 F.3d 166, 171 (3d Cir. 2000)).

Burke's sole reason for seeking relief from the Court's August 14, 2017 Order is that Burke "erroneously failed to file opposition due to an error by [Burke]'s counsel." (ECF No. 18 at Attorney Certif. ¶ 6.) No reason for the "error" is provided, despite the Court granting multiple extensions. Because no supporting brief or proposed opposition to the motion to dismiss is attached to the motion to reconsider, and because Burke did not reply to LaPulia's opposition, the Court cannot adequately determine the impact on proceedings, other than to find that, at this stage and without more, LaPulia would be prejudiced by reopening the case. If Burke wishes to file a formal and complete motion for relief under Rule 60(b), she may do so, putting forth sufficient reasons why she should not be prejudiced for the "error by [her] counsel," in addition to the other Rule 60(b) factors set forth above.

Accordingly, for good cause shown,

**IT IS** on this 30th day of April 2018,

**ORDERED** that Burke's Motion for Reconsideration (ECF No. 18) is **DENIED WITHOUT PREJUDICE**; and it is finally

**ORDERED** that LaPulia's request for attorney's fees is **DENIED WITHOUT**

**PREJUDICE**.

                                              */s/ Brian R. Martinotti*  
                                              **HON. BRIAN R. MARTINOTTI**  
                                              **UNITED STATES DISTRICT JUDGE**